**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MATTHEW A.I. UA CRUADHLAOICH,

Plaintiff-Appellant,

v.

JOHN BRYSON; et al.,

Defendants-Appellees.

No. 14-16403

D.C. No. 3:12-cv-02723-EDL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding[**]

Submitted August 16, 2016[***]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Matthew A.I. Ua Cruadhlaoich appeals pro se from the district court's

summary judgment in his employment action alleging discrimination and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

retaliation in violation of Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (denial of an extension); *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) (denial of Fed. R. Civ. P. 56(d) motion). We affirm.

The district court did not abuse its discretion by denying Cruadhlaoich's request for an extension because Cruadhlaoich had sufficient time to prepare an opposition to defendants' summary judgment motion. *See Ahanchian*, 624 F.3d at 1258-60 (explaining circumstances under which a district court may extend a deadline to file an opposition to summary judgment).

The district court did not abuse its discretion by denying Cruadhlaoich's Rule 56(d) motion before granting summary judgment because Cruadhlaoich failed diligently to pursue the additional discovery he proposed in the ample time he was provided. *See* Fed. R. Civ. P. 56(d); *Chance*, 242 F.3d at 1161 n.6 (explaining that "the district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past" (citation and internal quotation marks omitted)).

We reject as without merit Cruadhlaoich's contention that the district court erred by taking the summary judgment hearing off calendar. *See* Fed. R. Civ. P.

78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); N.D. Cal. Civ. R. 7-1(b) ("In the Judge's discretion . . . a motion may be determined without oral argument[.]").

We do not consider the merits of the district court's summary judgment order because Cruadhlaoich does not raise them on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-16403